IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ANTHONY HEATH, ) | |
| ID # 850634, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:03-CV-0081-H |
| ) | |
| DOUGLAS DRETKE,[1] Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On June 28, 2001, petitioner was found guilty of a disciplinary violation in Disciplinary Case # 20010295738 in the Bradshaw State Jail, where he was serving a thirty-year sentence on a 1998 Dallas County conviction for possession of a controlled substance.

---

[1] On August 1, 2003, the Texas Department of Criminal Justice - Institutional Division became the Texas Department of Criminal Justice - Correctional Institutions Division, and Douglas Dretke became the Director of the renamed division. The Court thus substitutes him for Janie Cockrell. *See* Fed. R. Civ. P. 25(d)(1).

(*See* Pet. Writ Habeas Corpus (Pet.) at 2, 5.)  As a result, he lost ninety days accumulated good-time credits, received a reduction in line classification, and was placed into medium custody for 120 days. (*Id.*)  Petitioner appealed the finding of guilt through the prison grievance procedure, and his Step 1 grievance was denied on July 18, 2001.  (*Id.*)  Although his Step 2 grievance was resolved on September 13, 2001, petitioner alleges that he was not notified of such resolution until February 4, 2002.  (*Id.* at 5-6.)

On January 3, 2003,[2] petitioner commenced this action by filing the instant petition for writ of habeas corpus wherein he challenges the fairness of the June 28, 2001 disciplinary proceedings. (*Id.* at 2, 5, 9.) Petitioner therein claims that (1) the disciplinary officers refused to question witnesses about the evidence used to find him guilty; (2) he was denied his right to review evidence for appellate purposes; (3) the complainant refused to testify at the hearing without a valid explanation; and (4) insufficient evidence supported the finding of guilty. (*Id.* at 7-8.)  With respect to the exhaustion of administrative remedies, he contends that, after the Warden denied his Step 1 grievance, the grievance committee mishandled his Step 2 grievance.  (*Id.* at 5.)  He also contends that he did not receive notice of the result of that grievance until February 4, 2002.  (*Id.* at 6.)

The Court sent petitioner a Magistrate Judge's Questionnaire (MJQ) requesting further information regarding petitioner's contentions that his Step 2 grievance had been mishandled and that his receipt of notice of the grievance's result had been delayed.  In his response to the questionnaire, petitioner states:  (1) he filed his Step 1 grievance on June 28, 2001; (2) the warden

---

[2] Under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner delivers the petition to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner declares that he placed the instant federal writ in the prison mail system on January 3, 2003. In accordance with *Coleman*, the Court uses that date as the date of filing.

denied the grievance on July 18, 2001; (3) he filed his Step 2 grievance on July 26, 2001, but it was returned because of excessive attachments with instructions to resubmit; and (4) he resubmitted his Step 2 grievance on August 20, 2001, but such grievance was denied as untimely on September 13, 2001. (*See* Answer 1 to MJQ.)

On March 31, 2003, respondent filed an answer in which he alleges that petitioner has failed to exhaust available administrative remedies because he did not timely file a Step 2 grievance. (Answer at 3.) Respondent also moves to dismiss the instant petition as untimely. (*Id.* at 7.) He asserts that the limitations period runs from the date petitioner knew of the factual bases for his claims – June 28, 2001, the date of his disciplinary hearing. (*Id.* at 8.)

On April 7, 2003, the Court received a Traverse to respondent's answer in which petitioner argues that he submitted his Step 2 grievance on July 26, 2001. (*See* Traverse at 1.) He further argues that his petition is timely when the one-year period is calculated from February 4, 2002, the date he received notice of the resolution of his Step 2 grievance. (*Id.* at 2.)

## II. STATUTE OF LIMITATIONS

Although respondent urges the Court to dismiss the instant action for a failure of petitioner to exhaust available administrative remedies, he alternatively urges dismissal of this action as untimely. The Court may deny the instant "writ of habeas corpus . . . on the merits" despite a lack of exhaustion. *See* 28 U.S.C. § 2254(b)(2). The Fifth Circuit Court of Appeals suggested in *dictum* that the term "on the merits" in § 2254(b)(2) includes "limitations or laches or procedural default." *See United States v. Clark*, 203 F.3d 358, 370 n.13 (5th Cir. 2000), *vacated on other grounds*, 532 U.S. 1005 (2001) (remanding case for further consideration in light of *Daniels v. United States*, 532 U.S.

3

374 (2001)) *and opinion withdrawn on other grounds*, 284 F.3d 563 (5th Cir. 2002) (affirming district court opinion after considering *Daniels*). Subsequently, the Fifth Circuit applied the statute of limitations in § 2244 *sua sponte* to convert a dismissal without prejudice for failure to exhaust into a dismissal with prejudice for failure to timely file the § 2254 petition. *See Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000). Accordingly, this Court will likewise consider whether petitioner timely filed the instant federal petition despite the alleged failure to exhaust state remedies.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant action after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). This provision applies to challenges to prison disciplinary proceedings that resulted in the loss of good-time credits for those eligible for release on mandatory supervision. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002). For such challenges, the limitations period commences on the date of the disciplinary hearing, since that is when the petitioner learned of the factual bases for his claims. *See id.* Furthermore, "the timely pendency of prison grievance procedures" toll the one-year period. *Id.* at 364. Although the exhaustion of the administrative prison grievance procedure does not statutorily toll the limitations period, the timely commencement of such procedure entitles petitioner "to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process." *See Foley v. Cockrell*, 222 F. Supp. 2d 826, 828-29 (N.D. Tex. 2002).

4

In this instance, it is undisputed that petitioner's appeal from the disciplinary hearing of June 28, 2001, ended on September 13, 2001. (*See* Pet. at 6, Step 2 Offender Grievance Form attached as part of Ex. C to Answer.) If the Court were to toll the limitations period through September 13, 2001,[3] the instant petition was due by September 13, 2002. Petitioner, however, did not file it until January 3, 2003, nearly four months too late.

Although petitioner argues that his petition is timely if the Court commences the limitations period from the date he alleges that he received notice of the resolution of his Step 2 grievance, February 4, 2002, he provides no authority for commencing the limitations period on that date. *Kimbrell* provides that the limitations period for disciplinary habeas challenges commences on the date the petitioner knew or should have known the factual predicate of his claims, *i.e.*, the date of the disciplinary hearing. *Kimbrell* also provides for tolling of the limitations period while petitioner timely pursues his administrative remedies. As the relevant binding precedent, *Kimbrell* provides no basis for commencing the limitations period on February 4, 2002.

For the instant petition to be timely, petitioner must obtain equitable tolling for the delayed receipt of the resolution of his Step 2 grievance. However, even if the Court accepts for purposes of this action, that petitioner did not receive notice of the resolution of his Step 2 grievance until February 4, 2002, such delayed notification provides no basis to further equitably toll the limitations period. First, a misunderstanding of the commencement date of the statute of limitations provides no basis for equitable tolling because "ignorance of the law or of statutes of limitations is insufficient

---

[3] Respondent argues that, because petitioner's Step 2 grievance was untimely, the Court should not toll for the time that it remained pending. (*See* Answer at 8-9.) Petitioner, on the other hand, contends that he timely filed his Step 2 grievance. (*See* Traverse at 1.) Because the pendency of the Step 2 grievance ultimately has no effect on the timeliness of the instant action, the Court will assume for purposes of this action that petitioner timely filed his Step 2 grievance.

5

to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Moreover, petitioner waited nearly eleven months after receiving notice of the Step 2 resolution to file the instant petition. A petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim." *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). Due to the unexplained eleven month delay between the date petitioner allegedly learned of the resolution of his Step 2 grievance and the date he filed the instant federal petition, petitioner is entitled to no equitable tolling beyond that which the Court has accorded him for the pendency of his timely pursuit of prison grievance procedures. In the absence of additional equitable tolling, the January 2003 filing falls outside the statutory period and should be deemed untimely.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED** this 27th day of April, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE